Ray and Rebecca Cobb v. DFW Medical Center - Grand Prairie
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-086-CV

     RAY AND REBECCA COBB,
                                                                         Appellants
     v.

     DALLAS FORT WORTH
     MEDICAL CENTER - GRAND PRAIRIE,
                                                                         Appellee
 

From the 17th District Court
Tarrant County, Texas
Trial Court # 17-177355-99
                                                                                                                
                                                                                                         
D I S S E N T I N G O P I N I O N
                                                                                                                

      Whatever can be said of the negligence of the hospital, if any, by not getting the entire
transpedicular device to the operating room, it cannot be said that the hospital’s negligence was
the cause of Mrs. Cobb’s problems. The only person who put the transpedicular device in her
back was the doctor. The doctor was practicing medicine; the hospital was not. The sole
responsibility for determining what medical device, including the component parts thereof, that
should go into a patient, has to be the doctor. 
      In the normal scheme of surgery, it seems beyond dispute, that the doctor should be the sole
person charged with the duty to determine that everything necessary to perform and complete the
surgery is present before the patient is cut open. For an operation requiring the placement of a
medical device inside a patient’s body, a device that is the very essence of the purpose of the
operation, there could be no more fundamental duty than to determine that the proper device is in
the operating room and ready to be placed in the patient’s body, before the first cut is made.
      Cobb seeks to hold the hospital liable. In response to the hospital’s no evidence summary
judgment motion, her only assertion regarding the hospital’s negligence is that the hospital “was
independently and directly negligent (and in turn grossly negligent) for its employees’ failure to
verify that the instrumentation and hardware products used on PLAINTIFF REBECCA COBB
were the correct size, and appropriate for an adult female.”


 Such a characterization of the
hospital’s duty would cause the hospital to practice medicine. A hospital cannot practice medicine,
only a licensed physician can.
      The practice of medicine was defined at the time of Ms. Cobb’s surgery as follows:
(12) "Practicing medicine." A person shall be considered to be practicing medicine
within this Act:
 
(A) who shall publicly profess to be a physician or surgeon and shall diagnose, treat,
or offer to treat any disease or disorder, mental or physical, or any physical deformity
or injury by any system or method or to effect cures thereof; or
 
(B) who shall diagnose, treat, or offer to treat any disease or disorder, mental or
physical, or any physical deformity or injury by any system or method and to effect cures
thereof and charge therefor, directly or indirectly, money or other compensation.

Tex. Rev. Civ. Stat. Ann. art. 4495b, 1.03(a)(12) (Vernon Supp. 1993) (repealed). Current text
defining “practicing medicine” is located at Tex. Occ. Code Ann. §151.002 (13) (pamp. 2001).
      Only a person


 can “practice medicine”; a hospital cannot. The Texas Medical Act makes
no provisions for the licensing of a hospital to practice medicine. See Clements v. Conrad, 21
S.W.3d 514, 522-23 (Tex. App.—Amarillo 2000, pet. denied). Cobb’s claim is for “medical
care” as defined by the act. Accordingly, I would hold that because Cobb’s only assertion of the
hospital’s negligence relates to duties that constitute the practice of medicine and thus are solely
the physician’s duty rather than the hospital’s, Cobb has failed to raise a fact issue on whether the
breach of the hospital’s duty caused her injury. Because the majority determines that Cobb
presented some evidence on each of the elements of a negligence theory of recovery against the
hospital, I respectfully dissent.
 
                                                             TOM GRAY
                                                             Justice

Dissent delivered and filed May 30, 2001